IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN FRANK BALLARD,  )  No. C 08-2550 MMC (PR)
               Petitioner, )
          v.               )  **ORDER TO SHOW CAUSE;**
                           )  **DENYING MOTION FOR**
ROBERT AYERS, JR., Warden, )  **APPOINTMENT OF COUNSEL**
               Respondent. )
                           )  **(Docket Nos. 8 & 9)**
_____)

    On May 20, 2008, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). Petitioner has paid the filing fee.[1]

**BACKGROUND**

    In 1985, in the Superior Court of Stanislaus County, petitioner entered a plea of nolo contendere to second degree murder. He was sentenced to a term of fifteen years to life in state prison. On February 23, 2007, the Board found petitioner unsuitable for parole. On March 26, 2008, the California Supreme Court denied petitioner's state habeas corpus petition challenging the Board's decision.

//

//

---

[1] In light of petitioner's payment of the filing fee, his motion for leave to proceed in forma pauperis is hereby DENIED as moot. (Docket no. 8.)

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Petitioner's Claims

Petitioner claims the denial of parole violated his federal constitutional right to due process because the Board's decision that petitioner's release would pose an unreasonable risk to public safety was not supported by some evidence, it was the result of the Board's reliance solely on the immutable facts of the commitment offense, and it was not based on reliable evidence. Additionally, petitioner claims the hearing was procedurally infirm because it was unlawfully postponed and petitioner was not allowed to question a witness at the hearing. Liberally construed, petitioner's claims are cognizable.

C.  Appointment of Counsel

Petitioner has filed a motion for the appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been adequately presented in the petition and no other grounds exist that would require the

2

appointment of counsel at this time; accordingly, as the interests of justice do not require appointment of counsel, petitioner's motion will be denied.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Petitioner's motion for the appointment of counsel is hereby DENIED. (Docket No. 9.)

2. The Clerk shall serve by certified mail a copy of this order and the petition, along with the exhibits lodged in support thereof, upon respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

This order terminates Docket Nos. 8 and 9.

IT IS SO ORDERED.

DATED: September 26, 2008

MAXINE M. CHESNEY
United States District Judge