IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN FRANK BALLARD,<br><br>Petitioner,<br><br>v.<br><br>ROBERT AYERS, JR., Warden,<br><br>Respondent.<br>_____ | No. C 08-2550 MMC (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

On May 20, 2008, petitioner, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the 2007 denial of parole by the California Board of Parole Hearings ("Board"). Respondent filed an answer to the petition and petitioner filed a traverse.

Subsequently, the Ninth Circuit issued its decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), which addressed important issues relating to federal habeas review of Board decisions denying parole to California state prisoners. After the parties filed supplemental briefs explaining their views of how the Hayward en banc decision applies to the facts presented in the instant petition, the United States Supreme Court filed its opinion in Swarthout v. Cooke, 131 S. Ct. 859 (2011) (per curiam), which opinion clarifies the constitutionally required standard of review applicable to petitioner's due process claim herein.

For the reasons discussed below, the petition will be denied.

## BACKGROUND

In 1985, in the Superior Court of Stanislaus County ("Superior Court"), petitioner entered a plea of nolo contendere to second degree murder. He was sentenced to a term of fifteen years to life in state prison. Petitioner did not appeal his conviction.

The parole suitability hearing that is the subject of the instant petition was held on February 23, 2007. At the conclusion of the hearing, the Board, after having reviewed the facts of the commitment offense, petitioner's social and criminal history, his employment, educational and disciplinary history while incarcerated, and his mental health reports, found petitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or threat to public safety if released from prison. (Resp't Answer to Order to Show Cause ("Answer") Ex. A (Super. Ct. Pet.) Ex. A (Parole Hearing Transcript) at 94-106).)[1]

After he was denied parole, petitioner filed a habeas petition in the Superior Court, challenging the Board's decision. In a minute order filed July 16, 2007, the Superior Court denied relief, finding there was "evidence to support the [Board's] conclusion of unsuitability for parole and its denial decision." (Answer Ex. B.) Petitioner next filed a habeas petition in the California Court of Appeal. On August 23, 2007, the Court of Appeal summarily denied the petition. (Answer Ex. D.) Petitioner then filed a petition for review in the California Supreme Court; the petition was summarily denied on March 26, 2008. (Answer Ex. F.)

Petitioner next filed the instant petition, in which he claims the Board did not provide him with a hearing that met the requirements of federal due process because (1) the Board's decision to deny parole was not supported by some evidence that petitioner at that time posed a danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense, (2) petitioner was denied the right to question a witness at the hearing, and (3) the Board gave undue weight to a factually inaccurate mental health report. Additionally, petitioner claims the Board violated his First Amendment rights

---

[1]Unless otherwise noted, all references herein to exhibits are to exhibits submitted by respondent in support of the Answer.

2

by requiring him to participate in two self-help programs based on religious principles, specifically, Alcoholics Anonymous ("AA") and Narcotics Anonymous ("NA").

## DISCUSSION

A.   Standard of Review

A federal district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams (Terry) v. Taylor, 529 U.S. 362, 409-13 (2000). Section 2254(d) applies to a habeas petition filed by a state prisoner challenging the denial of parole. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Here, as noted, the California Court of Appeal and California Supreme Court both summarily denied review of petitioner's claims. The Superior Court thus was the highest state court to address the merits of petitioner's claims in a reasoned decision, and it is that decision which this Court reviews under § 2254(d). See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

B.   Petitioner's Claims

   1.   Due Process Violations

Under California law, prisoners serving indeterminate life sentences, like petitioner here, become eligible for parole after serving minimum terms of confinement required by statute. In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005). Regardless of the length of time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from

3

prison." Cal. Code Regs. tit. 15 ("CCR"), § 2402(a). In making the determination as to whether a prisoner is suitable for parole, the Board must consider various factors specified by state statute and parole regulations. In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR § 2402(b)–(d). When a state court reviews a Board's decision denying parole, the relevant inquiry is whether "some evidence" supports the decision of the Board that the inmate poses a current threat to public safety. In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

As noted, petitioner contends the Board's denial of parole was constitutionally infirm because (1) the Board's decision was not supported by some evidence that petitioner at such time posed a danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense, (2) petitioner was not permitted to question a witness, specifically, the Deputy District Attorney who attended the hearing and argued for petitioner's continued incarceration, and (3) the Board gave undue to weight to a factually inaccurate mental health report. All of these contentions constitute a single claim that petitioner's federal constitutional right to due process was violated by the Board's decision to deny him a parole date.

Federal habeas corpus relief is unavailable for an error of state law. Swarthout v. Cooke, 131 S. Ct. 859, 861 (per curiam) (2011). Under certain circumstances, however, state law may create a liberty or property interest that is entitled to the protections of federal due process. In particular, while there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when, or unless, certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest. See id. at 11-12. The Ninth Circuit has determined California law creates such a liberty interest in release on parole. Cooke, 131 S. Ct. at 861-62.

When a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication, and federal courts will review the application of those constitutionally

4

required procedures. Id. at 862. In the context of parole, the procedures necessary to vindicate such interest are minimal: a prisoner receives adequate process when "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16.) "The Constitution," [the Supreme Court has held], "does not require more." Id. (quoting Greenholtz, 442 U.S. at 16.)

Here, the record shows petitioner received at least the process found by the Supreme Court to be adequate in Cooke. See id. (finding process adequate where petitioners "were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Specifically, the record shows the following: petitioner was represented by counsel at the hearing (Answer Ex. A Part 1 Ex. A at 2:3-4); petitioner and his counsel were provided in advance of the hearing with copies of the documents reviewed by the Board (id. at 8:4-9, 9:13-10:2); the Board read a summary of the commitment offense into the record from the probation report, and also read a statement of petitioner's version of the event (id. at 14:4-19:6); petitioner discussed with the Board his personal background, including his insight into the commitment offense (id. at 19:7-36:5); the Board discussed with petitioner the mental health reports prepared for the hearing, and petitioner's achievements and personal growth while incarcerated (id. at 36:24-51:1); petitioner's counsel pointed out factual errors in one of the mental health reports (id. at 51:2-54:18); the Board reviewed petitioner's disciplinary history while incarcerated, and discussed with petitioner his parole plans and his ability to deal with life stressors outside of prison (id. at 55:10-79:12); both petitioner and his counsel made statements advocating petitioner's release (id. at 86:23-91:7); petitioner received a thorough explanation as to why the Board denied parole (id. at 94-106).

Although petitioner maintains that, under the holding of Greenholtz, due process also requires that a prisoner be allowed to call and question witnesses at a parole eligibility hearing, petitioner is mistaken. As the Supreme Court noted in Greenholtz, such issue was not before it and, consequently, the Supreme Court declined to express an opinion with respect thereto. See Greenholtz, 442 U.S. at 16 n.8.

5

Further, because California's "some evidence" rule is not a substantive federal requirement, the weight the Board accorded the mental health report, and, indeed, whether the Board's decision to deny parole was supported by some evidence of petitioner's current dangerousness, is not relevant to this Court's decision on the instant petition for federal habeas corpus relief. Cooke, 131 S. Ct. at 862-63. The Supreme Court has made clear that the only federal right at issue herein is procedural; consequently, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 863.

As the record shows petitioner received all the process to which he was constitutionally entitled, the Court finds the Superior Court's denial of petitioner's due process claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Accordingly, relief will be denied on these claims.

2. First Amendment Violation

As noted, petitioner claims the Board violated his First Amendment rights by requiring him to participate in two self-help programs based on religious principles, specifically, AA and NA.

Although petitioner raised the instant claim in each of his state habeas petitions, no state court has addressed the claim in a reasoned opinion. Where there is no reasoned decision and, as here, the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 131 S. Ct. 770, 784-84 ( 2011).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court conducts an "independent review" of the record. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). An "independent review" of the record "is not de novo review of the constitutional issue, but rather, the only method by which [the federal court] can determine whether a silent state court decision is objectively

6

1 unreasonable." See id.  In conducting such a review, "a habeas court must determine what
2 arguments or theories supported or, . . . could have supported, the state court's decision; and
3 then it must ask whether it is possible fairminded jurists could disagree that those arguments
4 or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."
5 Richter, 131 S. Ct. at 786.  Where no reasoned decision is available, the habeas petitioner has
6 the burden of "showing there was no reasonable basis for the state court to deny relief." Id.
7 at 784.

8     The record submitted herein does not support petitioner's assertion that the Board
9 required him to participate either in AA or NA in order to be found suitable for parole.
10 Specifically, the record reflects the following: the Board noted that petitioner had previously
11 participated in AA while incarcerated (Answer Ex. A Ex. A at 39:18-19) and that he was not
12 doing so at the time of the subject hearing (id. at 48:26-49:2); the Board asked petitioner
13 what else he was doing "to try to address [his] addiction" (id at 49:2-3); the Board discussed
14 petitioner's participation in two prison self-help programs, specifically, the IMPACT and
15 TRUST programs, and petitioner's plans to continue in those programs or a church-
16 sponsored program called Kairos should he be paroled (id. at 49:4-51:1, 71:2-17); the Board
17 acknowledged that those programs could provide petitioner with benefits similar to those of
18 AA and NA (id. at 75:9-13).

19     Additionally, the Board, in explaining to petitioner the reasons why he was being
20 denied parole, stated the following:

21
> We recognize that you did stop going to AA and NA back in '93, but you have found other outlets, but you need to continue doing this in order to face, discuss, under[stand], and cope with stress in a non-destructive manner. And we feel that unless more progress is made that you continue to be unpredictable and a threat to others. But again, we feel that you should be commended for quite a few thing[s], actually. Both of us talked about it, and [we] want to commend you for being up front and honest with us and being able to discuss some very painful issues from your past. [¶]
>
> And, also, your willingness to explore alternatives for self-help because we didn't get into it why you stopped the AA, NA, but you did seek out other avenues, okay, and that's good and don't stop there because if you're not getting everything you need out of IMPACT or Kairos or whatever, there's a lot of other things that are available to you to either group participate, individually, you might read a magazine article. You might see a video.

7

> Documentation means that you don't need to go somewhere to get tickets stamped. If you write up a little paragraph to, you know, put a date on it, the time you saw it, what it was, what was the purpose of it and what did you personally get out of it. All you have to do is maybe write one or two statements, all right, and be able to talk to a Panel about what did you walk away with? What's the lesson that you learned that's specific to you that's helping you to maintain that path to success.

(Answer Ex. A Ex. A at 100:12-101:18.)

Based on the above, the Court finds petitioner's claim that the Board has required his participation either in AA or NA as a predicate to release on parole is factually unsupported in the record. Accordingly, the Court concludes the state court's decision denying the instant claim was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d).

C.  Certificate of Appealability

A certificate of appealability will be denied with respect to petitioner's claims. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner). Specifically, petitioner has failed to make a substantial showing of the denial of a constitutional right, as he has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The petition for a writ of habeas corpus is hereby DENIED.

2. A certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: April 11, 2011

_____
MAXINE M. CHESNEY
United States District Judge

8